UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LEE A. JEFFREY  PLAINTIFF

v.  CIVIL ACTION NO. 3:10CV-P357-H

CLARK TAYLOR *et al.*  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Lee A. Jeffrey, acting without the assistance of counsel, filed this action pursuant to 42 U.S.C. § 1983. This matter is before the Court for *sua sponte* screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, Jeffrey's claims will be dismissed in part and allowed to proceed in part.

### I. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF COMPLAINT

Jeffrey alleges that he is infected with the Hepatitis C virus. He states that while incarcerated at the Luther Luckett Correctional Complex in LaGrange, Kentucky, his virus was treated with a series of shots. He states that he suffered severe adverse reactions from the treatment. He alleges that his complaints to the medical department about the reactions were either ignored or downplayed and that the doctors and nurses failed to properly monitor his treatment. He states that due to the continuing treatment and his reactions thereto, he eventually had to be rushed to the hospital and undergo a life-saving blood transfusion. He states that he almost died due to Defendants' negligence and extreme indifference to his complaints. He names Warden Clark Taylor, Medical Provider Deb Williams, Hepatologist Steven Shedlofsky, Medical Director Scott A. Haas, and Registered Nurse Eileen Brian as Defendants. Defendants Williams and Brian are sued in both their individual and official capacities. The other Defendants are sued only in their official capacities. He seeks monetary damages. He claims that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. He also alleges that all Defendants were negligent under state law.

## III. ANALYSIS

### A.  Official-capacity claims

Jeffrey sues each Defendant in his or her official capacity. Because he sues state employees in their official capacities, his claims against them are deemed claims against the Commonwealth of Kentucky itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *See* § 1983. States, state agencies, and state officials sued in their official capacities for money damages are not

"persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). Thus, because Jeffrey seeks money damages from these state officers in their official capacities, he has failed to allege cognizable claims under § 1983. Moreover, Defendants are immune from monetary damages under the Eleventh Amendment. *See id.* The Court will dismiss Jeffrey's § 1983 official-capacity claims against all Defendants.

### B. Individual-capacity Eighth Amendment claims

Jeffrey sues Defendants Williams and Brian in their individual capacities for violating his Eighth Amendment right to be free from cruel and unusual punishment. He alleges that these Defendants repeatedly ignored and/or downplayed his complaints of adverse reactions from the Hepatitis C treatment until they became so bad that he had to rushed to be the hospital and given an emergency blood transfusion.

Included as a type of conduct that violates the Eighth Amendment is a prison official's deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976). To succeed on a claim of deliberate indifference, a plaintiff must satisfy two elements, an objective one and a subjective one. He must show that he had a serious medical need, and he must show that a defendant, being aware of that need, acted with deliberate indifference to it. *Wilson v. Seiter*, 501 U.S. 294, 300 (1991). A defendant that purposefully ignores or fails to respond to a prisoner's pain or possible medical need may in appropriate circumstances violate the Eighth Amendment. Accordingly, the Court will allow Jeffrey's individual-capacity claims against Defendants Williams and Brian to proceed for further development.

### C. State-law claims

Jeffrey alleges state-law negligence claims against all Defendants. Pursuant to 28 U.S.C. § 1367, "in any civil action of which the district courts have original jurisdiction, the district

courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

The Court has original jurisdiction over Jeffrey's § 1983 claims. Jeffrey's negligence and § 1983 claims are comprised of the same facts such that they form the same case or controversy. As such, the Court will exercise supplemental jurisdiction over the state-law negligence claims. And, the Court will allow the negligence claims to proceed against all Defendants for further development.

### IV. ORDER

For the reasons set forth above, Jeffrey's official-capacity claims against Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief from defendants who are immune from such relief.

The Court will enter a separate Scheduling Order to govern the development of the surviving claims: 1) Jeffrey's § 1983 claim against Defendants Williams and Brian for violating his Eighth Amendment right to be free from cruel and unusual punishment; and 2) his state-law negligence claim as against all Defendants.

Date:

cc: Plaintiff, *pro se*
　　Defendants
　　Justice & Public Safety Cabinet, Office of Legal Counsel
4412.008