UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LEE A. JEFFREY                                                                    PLAINTIFF

v.                                                         CIVIL ACTION NO. 3:10CV-P357-H

CLARK TAYLOR *et al.*                                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Haas and Clark's motion to dismiss (DN 14) and on Plaintiff's motion for revision of the Scheduling Order (DN 15).

**Motion to Dismiss**

Plaintiff Lee A. Jeffrey, acting without the assistance of counsel, filed this action pursuant to 42 U.S.C. § 1983. Upon initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the Court dismissed Plaintiff's 42 U.S.C. § 1983 official-capacity claims as against all Defendants. The Court permitted the following claims to proceed for further development: 1) Plaintiff's § 1983 claim against Defendants Williams and Brian for violating his Eighth Amendment right to be free from cruel and unusual punishment; and 2) his state-law negligence claim as against all Defendants.

Defendant Haas and Clark's motion to dismiss addresses only Plaintiff's § 1983 claims; it is silent as to Plaintiff's negligence claims against them. As Plaintiff's § 1983 claims were directed at Defendants Haas and Clark in their official capacities only, those claims have already been dismissed on initial review.[1] Accordingly, Defendant Haas and Clark's motion to dismiss

---

[1] Defendants Haas and Clark remain parties to this action because on initial review the Court exercised its supplemental jurisdiction over the negligence claims as those claims are intertwined with the deliberate indifference claims still pending against Defendants Brian and Williams.

(DN 14) is **DENIED** as moot.

**Motion for revision of the Scheduling Order**

Plaintiff has moved the Court to revise the Scheduling Order in this case by extending all of its current deadlines. Plaintiff states that he needs a revision because he is seeking the assistance of counsel. The Court will grant the motion, but for a different reason than the one advanced by Plaintiff. A review of the docket indicates that only two of the five named Defendants waived service; the other three defendants have not been served. A revision of the current Scheduling Order is necessary to allow time to serve the remaining Defendants. Accordingly, Plaintiff's motion (DN 15) is **GRANTED**. **IT IS FURTHER ORDERED** that the Court's Scheduling Order (DN 8) is **REVISED** as follows:

(1) The Clerk of Court shall issue summons, and the United States Marshal shall serve a copy of the complaint and summons on Defendants Deb Williams, Steven Shedofsky, and Eileen Brian in accordance with Rule 4 of the Federal Rules of Civil Procedure.

(2) Defendants' answers to the complaint shall be filed no later than 21 days after service of summons. Insofar as is practicable, the answers are to restate in separate paragraphs the allegations of the complaint, followed by the answer.

(3) The parties shall serve upon opposing parties, or their counsel, a copy of each document filed in this action as required by the Federal Rules of Civil Procedure, including a certificate of service stating the date on which the copy was sent to opposing parties. Any paper received by the Court which has not been filed with the Clerk or which fails to include a certificate of service **MAY BE DISREGARDED** by the Court.

(4) The parties shall complete all pretrial discovery herein no later than **March 30, 2011**. As a requirement of discovery, Defendants' counsel shall produce to Plaintiff all records

or documentation which are relevant to the claim(s) set forth in this complaint that have survived initial review. **<u>Counsel shall certify that the production is complete and shall file the certification with the Court</u>**. Within the same time, Plaintiff shall provide counsel for Defendants any records or documentation relevant to his remaining claims. **<u>Plaintiff shall certify that production is complete and shall file the certification with the Court</u>**. A party who wishes to file discovery material with the Court must comply with Federal Rule of Civil Procedure 5(d). *See* Fed. R. Civ. P. 5(d)(1) ("[T]he following discovery requests and responses *must not* be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents . . ., and requests for admission.") (emphasis added).

(5)     This Order does not override a party's responsibility to timely and completely respond to any discovery requests made pursuant to Federal Rules of Civil Procedure 33, 34, and 36, nor does it prevent a party from otherwise engaging in discovery that is consistent with the Federal Rules of Civil Procedure.[2]

(6)     No later than **April 29, 2011**, the plaintiff shall file a pretrial memorandum, setting forth in detail all facts upon which he bases his claim in this matter against Defendants.

(7)     No later than **May 29, 2011**, Defendants shall file a pretrial memorandum. In lieu thereof, or if Plaintiff fails to file the required pretrial memorandum, Defendants may file any dispositive motions, including a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

(8)     Either party may file dispositive motions at any time after providing the discovery required above, or after providing sufficient reason why discovery is unnecessary for resolution

---

[2]The Court notes, however, that this action is exempt from the initial disclosure requirements of Federal Rule of Civil Procedure 26. *See* Fed. R. Civ. P. 26(a)(1)(B)(iv) ("The following proceedings are exempt from initial disclosure . . . (iv) an action brought without an attorney by a person in custody of the United States, a state, or a state subdivision.").

of the pending motion. All dispositive motions shall be filed no later than **May 29, 2011**.

(9) If any party wishes additional time to complete any of the actions directed above, a motion requesting any such extension must be filed with the court before any such deadline expires. Any such motion to extend any time should indicate the reasons for extension. The court will not grant an extension unless good cause is shown.

(10) Should Plaintiff change addresses during the pendency of this matter, he must provide written notice of a change of address to the Clerk and to Defendants' counsel. *See* L.R. 5.2(d).

(11) Plaintiff is **WARNED** that his failure to notify the Clerk of any address change or failure to comply with this or any subsequent order of the Court **MAY RESULT IN A DISMISSAL OF THIS CASE**.

Date:

cc: Plaintiff, *pro se*
     Defendants
     Counsel of record
4412.008