UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**LEE A. JEFFREY**                                                                                                **PLAINTIFF**

v.                                                                                      **CIVIL ACTION NO. 3:10-CV-P357-H**

**CLARK TAYLOR et al.**                                                                                  **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Before the Court is the motion for summary judgment filed by Defendants Dr. Scott Haas and Warden Clark Taylor (DN 39).  For the following reasons, the Court will grant Defendants' motion.

### I. FACTS

In his complaint, Plaintiff Lee A. Jeffrey alleged that he is infected with the Hepatitis C virus (HCV) and that while he was incarcerated at the Luther Luckett Correctional Complex (LLCC), his virus was treated with a series of shots, which resulted in a severe adverse reaction. Specifically, he stated that on December 8, 2008, he was given a liver biopsy and an ultrasound, and that, on December 17, 2008, after the test results came back it was decided to give him HCV treatment via a series of shots per a 48-week plan consisting of weekly injections of 180 mg Pegasys and 600 mgs of Ribaspere twice daily.  He stated that he began taking the shots on January 28 and that "as the week went on [he] instantly began having adverse reactions to the medicines."  He stated that on February 12, 2009, Dr. Steven Shedlofsky, the Kentucky Department of Corrections (KDOC) Hepatologist, noted that Plaintiff had a very low absolute neutrophil count that needed to be watched.  Plaintiff further alleged that after a few weeks of treatment he became so weak that he could not make it to the medical department to obtain his daily insulin shots.

Plaintiff alleged that his complaints to the medical department about his reaction to the HCV medicine were either ignored or downplayed and that the doctors and nurses failed to properly monitor his treatment. He stated that due to the continuing treatment and his reactions thereto, he eventually had to be rushed to the hospital and undergo a life-saving blood transfusion. He alleged that he almost died due to Defendants' negligence and extreme indifference to his complaints. He sued Defendants Haas and Taylor in their official capacity, as well as Medical Provider Deb Williams, Hepatologist Shedlofsky, and Registered Nurse Eileen Brian. He claimed that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment and that Defendants were negligent under state law. On initial review, only the state-law negligence claims were allowed to go forward against Defendants Haas and Taylor.

With regard to Defendants Haas and Taylor in particular, Plaintiff's complaint says only that the dramatic drop in his hemoglobin counts was overlooked due to the following:

> the negligence of the Medical Department and more specifically Deb Williams for not monitoring the labs as he is supposed to, Steven Shedlofsky for not ordering treatment to be stopped as KYDOC HCV treatment protocol calls for his approval to start or stop and treatment. And finally Mr. Scott Hass [sic] for not properly monitoring the compliance of Medical Departments in the state and making sure they are following all proper procedures. Finally Warden Clark Taylor, as being the warden of the institution he is responsible for the well being of everyone incarcerated at the institution.

His complaint also stated that "KYDOC has stated that it is up to one person to start or stop HCV treatment and id [sic] Dr. Steven Shedlofsky. But the KYDOC as a whole is still responsible because for one, the DOC protocol was not followed, and two the KYDOC is the employer of Dr. Steven Shedlofsky with the title of the KYDOC hepatologist."

2

## II. ANALYSIS

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id.* Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id.* If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990). The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id.* (internal quotation marks omitted).

Defendants argue that they are absolutely immune from the suit against them in their official capacity; that Plaintiff's claim is barred by the statute of limitations; and that they cannot be found negligent under *respondeat superior* liability.  With regard to Defendant Haas, Defendants argue that Defendant Haas did not act as a physician to Plaintiff; he is the medical director for the KDOC and, as such, his only involvement in this case was as a participant in the final administrative review of Plaintiff's grievance.

In response (DN 46), Plaintiff argues that at all times Defendant Haas was a medical director for the KDOC and his responsibilities included giving authorization for an inmate to undergo specific medical treatment.  He asserts that Defendant Haas had to authorize Plaintiff's treatment for HCV and in so doing he was aware of Plaintiff's medical history, which includes HIV, diabetes, hypertension, and hyperlipidemia.  Plaintiff argues that Defendant Haas knew or should have known that authorizing HCV treatment for Plaintiff in his condition would have dangerous and devastating effects.  Plaintiff concedes that Defendant Taylor may not be liable as warden if in fact he has no direct involvement in the medical decision-making process. However, he argues that Defendant Haas is liable as the medical director who made the medical decision to order HCV treatment knowing of Plaintiff's host of other health problems.

The Court finds for the reasons set forth below that Defendants are entitled to summary judgment in their favor because Plaintiff has not shown that they were personally involved in the alleged negligent acts.  First, the Court will explain why this case is not barred by the statute of limitations.

This Court must look to Kentucky law as to when Plaintiff's state-law negligence claim commences.  *See Bradford v. Bracken County*, 767 F. Supp. 2d 740, 746 (E.D. Ky. 2011) (state

4

law determines when supplemental state-law claims commence).  Kentucky law requires that no action may be brought by an inmate with respect to a conditions-of-confinement issue until he has exhausted the prison grievance procedure.  KRS § 454.415(1); *see also Tyler v. Taylor*, 128 S.W.3d 495, 497 & n.4 (Ky. App. 2003) (holding generally an inmate's pursuit of prison grievance procedures will toll Kentucky's statute of limitations).  Here, the complaint was filed on May 17, 2010.  According to Defendants, Plaintiff should have known at the latest that he had suffered an injury by April 18, 2009.  The attachments to the complaint include a prison grievance received dated May 12, 2009, an informal resolution dated May 26, 2009, and a subsequent appeal culminating in a Health Care Grievance Final Administrative Review decision dated July 7, 2009.  The Court finds that Plaintiff's claims are not time-barred.

Plaintiff seems to agree that Defendant Haas would have had to have had direct involvement with Plaintiff's medical care to be held liable.  He disagrees with Defendants that Defendant Haas was not involved in his medical care.  However, although Plaintiff asserts in his response to the summary-judgment motion that "[r]ecords will reflect that as a Medical Director Dr. Scott Haas approves and/or disapproves the Medical Treatment(s) of Inmates," Plaintiff does not attach any such records to his response.  Nor do any of the records attached to the complaint show that Defendant Haas was involved in Plaintiff's medical care.  Nor, for that matter, do any of the records attached to Defendant Shedlofsky's earlier-filed summary-judgment motion indicate that Defendant Haas was involved in Plaintiff's medical care.[1]

---

[1] Defendants Haas and Taylor did not support their summary-judgment motion with any exhibits.  *See* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be . . . genuinely disputed must support the assertion by: [] citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory

"Under Kentucky law, '[p]ublic officials are responsible only for their own misfeasance and negligence and are not responsible for the negligence of those who are employed by them.'" *Ash v. Boone County*, 09-190-DLB, 2011 WL 4431820, at *8 (E.D. Ky. Sept. 22, 2011) (quoting *Franklin Cnty. v. Malone*, 957 S.W.2d 195, 199-200 (Ky. 1997), *overruled on other grounds by Yanero v. Davis*, 65 S.W.3d 510 (Ky. 2001)). None of the medical records Plaintiff attached to his complaint or to Dr. Shedlofsky's summary-judgment motion were signed by Defendant Haas or indicate that Defendant Haas examined or treated Plaintiff. The Health Care Grievance Final Administrative Review is signed by Defendant Haas. That review stated in part, "I have reviewed your grievance, the informal response, your appeal to the Health Care Grievance committee, their findings and your subsequent appeal to me. I concur with the findings of the committee and that of the informal resolution." That review makes no mention or indication that Defendant Haas treated Plaintiff. An attachment to Plaintiff's complaint, a letter from D. Williams, ARNP, Primary Care Provider, Institutional Health Authority undercuts Plaintiff's assertion that Defendant Haas authorized his treatment. It states: "[Y]ou received approval for Hepatitis C (HCV) treatment from Kentucky Department of Corrections (KYDOC) Hepatologist, Dr. Shedlofsky, per protocol guideline on 1/25/09 . . . Additional treatment or discontinuation of HCV treatment protocol is determined by Dr. Shedlofsky."

A review of the record reveals that Defendant Haas as medical director was only at most in a supervisory position over the employees who actually had Plaintiff in their care. Moreover, nothing in the record indicates that Defendant Taylor as warden had any involvement in

---

answers, or other materials"). However, the Court has looked at the entire record in this case. *See* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record.").

Plaintiff's medical care, and, in fact, Plaintiff concedes as much in his response to the summary-judgment motion. Here, Plaintiff has failed to make a sufficient showing on an essential element of his case for which he has the burden of proof. Because Plaintiff has failed to provide any proof on this crucial point, he cannot prevail on his negligence claims against these Defendants as a matter of law.[2]

### III. CONCLUSION AND ORDER

For the foregoing reasons, Defendants are entitled to judgment as a matter of law. Defendants' motion for summary judgment (DN 39) is **GRANTED**.

Date:

cc: Plaintiff, *pro se*
    Counsel of record
4412.009

---

[2] Because the Court finds that Defendants are entitled to judgment in their favor based on their lack of involvement in Plaintiff's health care, the Court does not reach their argument regarding immunity.